UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-20244-CIV-SEITZ/GARBER

HONORABLE RAUL L. MARTINEZ and
VICTOR T. CURRY,

    Plaintiffs,

vs.

JOHN ELLIS "JEB" BUSH, Governor,
State of Florida; KATHERINE HARRIS,
Secretary of State, State of Florida; TOM
FEENEY, Speaker of the Florida House of
Representatives; and JOHN McKAY,
President of the Florida Senate, all in their
official capacities,

    Defendants.
_____/

REP. CORRINE BROWN, REP. ALCEE L.
HASTINGS, REP. CARRIE P. MEEK, and
SALLIE L. STEPHENS,

    Intervenors/Plaintiffs
    (Motion to Intervene Pending).
_____/



## ORDER OF RECUSAL

THIS MATTER is before the Court on Defendant Governor Bush's Motion for Recusal, filed March 26, 2002, asking this Court to recuse itself because its spouse is the Treasurer for Janet Reno's campaign for governor against the Defendant Governor Bush. The Motion is in response to the Court's disclosure of this fact[1] at the beginning of the March 22, 2002 hearing on the Defendants' Motion to Transfer this case to the Northern District of Florida for improper venue. The Court raised the issue in the first instance to ensure that the parties would formally address it and either raise or waive the issue at the case's outset, thus avoiding wasted judicial effort or undue delay in the expeditious consideration of this time sensitive case.

The Court has considered Defendant Bush's thoughtful motion and has undertaken an independent analysis

---

[1] Counsel for Defendant Bush acknowledged that the Governor was aware of the Court's spouse's position in Janet Reno's campaign, but requested until March 26, 2002 to consult with his client on the matter.

of its responsibilities to ensure the public's confidence in the impartiality of the judicial process pursuant to 28 U.S.C. § 455. The Court appreciates the Defendant's confidence in its actual impartiality, yet the Court understands Defendant's concern about the appearance of partiality given the nature of the allegations in the Complaint, the way Defendant believes that such allegations could be used to his detriment in the political conflict between himself and Ms. Reno, and the assistance the Court's spouse is rendering to that political conflict as the Treasurer of Ms. Reno's campaign.[2]

The test for recusal is one of objective reasonableness, that is, "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Torkington, 874 F.2d 1441, 1446 (11th Cir. 1989). Even if there is merely a reasonable potential for debate on the issue, the Court should exercise its discretion and recuse itself. Given the unique factors presented here, to do otherwise would inject the Court, which should be a non-issue, into the mix of the many other issues presented in this case. Moreover, in light of the issues raised in the Motion to Recuse, this Court's continued involvement in this case has the potential for generating emotional and political speculations that might undermine the public's perception of the independence of the judiciary. Such judicial independence is of special concern to the Court given the divisive presidential election in 2000 which found Florida in prominent focus. Consequently, it is hereby

ORDERED that the undersigned Judge, to whom the above-styled cause was assigned, hereby recuses herself and refers this cause to the Clerk of Court for reassignment pursuant to 28 U.S.C. § 455 and Local Rule 3.6. To facilitate the continued expeditious consideration of the case, the Court will transfer courtesy copies of all papers the parties have filed to the new judge assigned to this case.

DONE AND ORDERED in Miami, Florida, this 27th day of March, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

---

[2] The Court was previously unaware of Exhibits B and C to the Motion for Recusal, as the Court has remained disassociated from its spouse's political activities pursuant to Advisory Opinion No. 53 interpreting Canons 2 and 7 of the Code of Conduct for United States Judges.

Pursuant to the above Order of Recusal entered by Patricia A. Seitz, United States District Judge, and after a blind random drawing by the Clerk of this Court, all parties to this action are noticed as follows:

1. That the above-styled cause be and the same is hereby reassigned to the calendar of __ADALBERTO JORDAN__, United States District Judge, for all further proceedings, and

2. That all papers hereafter filed shall bear the assigned case number followed by the surname of the assigned Judicial Officer as follows: 02-20244-CIV-_Jordan_____, thereby indicating the Judge to whom all future documents should be routed or otherwise brought for attention, in accordance with S.D. Fla. L.R. 5.1.A.2.

DONE at the Federal Courthouse Square, Miami, Florida, this 30 day of March, 2002.

                                      **CLARENCE MADDOX**
                                      CLERK/COURT ADMINISTRATOR

                                      By: _____
                                      Deputy Clerk

cc: Service List Attached

Service List (as of 3/26/02)
Case No. 02-20244-CIV-SEITZ/GARBER

cc:

Joseph W. Hatchett, Esq.
J. Thomas Cardwell, Esq.
Christopher S. Carver, Esq.
*Counsel for Defendant Tom Feeney*
Akerman, Senterfitt & Eidson, P.A.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131-1704
fax 305-374-5095 / phone 305-374-5600

Miguel De Grandy, Esq.
*Counsel for Defendant Tom Feeney*
Miguel De Grandy, P.A.
The Miami Center
201 S. Biscayne Blvd.
Miami, FL 33186
fax 305-374-8743 / phone 305-374-6565

Thomasina H. Williams, Esq.
*Counsel for Plaintiffs*
Williams & Associates, P.A.
Brickell Bay View Centre, Suite 1830
80 S.W. 8th Street
Miami, FL 33130
fax 305-379-4541 / phone 305-379-6676

Norman C. Powell, Esq.
*Counsel for Plaintiffs*
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131
fax 305-374-7593 / phone 305-374-7580

Colleen Kathryn O'Loughlin, Esq.
Ephraim R. Hess, Esq.
*Counsel for Proposed Intervenor Plaintiffs*
Hess & O'Loughlin, P.A.
PO Box 460505
Ft. Lauderdale, FL 33346-0505
fax 954-252-4536 / phone 954-942-5577

W. George Allen, Esq.
*Counsel for Proposed Intervenor Plaintiffs*
800 S.E. 3rd Ave.
Ft. Lauderdale, FL 33316
fax 954-463-6685 / phone 954-463-6681

Thomas E. Scott, Esq.
*Counsel for Defendant John McKay*
Cole, Scott & Kissane, P.A.
1390 Brickell Ave., 3rd Floor
Miami, FL 33131
fax 305-373-2294 / phone 305-350-5300

James A. Scott, Esq.
Edward J. Pozzuoli, Esq.
Alexis M. Yarbrough, Esq.
*Counsel for Defendant John McKay*
Tripp Scott, P.A.
110 Southeast 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
fax 954-761-8475 / phone 954-525-7500

Deborah K. Kearney, Esq.
Gerard T. York, Esq.
Heidi Hughes, Esq.
*Counsel for Defendant Katherine Harris*
Florida Dept. of State, PL-02, The Capitol
Tallahassee, FL 32399-0250
fax 850-245-6125 / phone 850-245-6517

Dean Colson, Esq.
Roberto Martinez, Esq.
*Counsel for Defendant Jeb Bush*
Colson Hicks Eidson
255 Aragon Ave., 2nd Floor
Coral Gables, FL 33134-5008
fax 305-476-7444 / phone 305-476-7400

J. Gerald Hebert, Esq.
*Counsel for Proposed Intervenor Plaintiffs*
5019 Waple Lane
Alexandria, VA 22304
fax 703-567-5876 / phone 703-567-5873